IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL MCDONALD                                    *
       Plaintiff,
     v.                                    *   CIVIL ACTION NO. PJM-13-775

MICHEAL STAUFFER CO II                           *
BRIAN HAWK
TYSON T. HINCKLE                                 *
RODERICK R. SOWERS
NANCY ROUSE                                      *
TIMOTHY MUNSON
EDWIN STIGILE, et al.                            *
       Defendants.
                           ***

**<u>MEMORANDUM OPINION</u>**

On March 12, 2013, Paul McDonald, a former state inmate, filed a civil rights complaint

alleging that on November 6, 2004, he was sprayed with mace, thrown into a wall, severely beaten,

and kicked in the head by several correctional officers at the Roxbury Correctional Institution

("RCI").  (ECF No. 1).  He then claims that over the course of that same day he was subject to a

further series of assaults by RCI officers.   McDonald also contends that his attempts to file legal

claims regarding those incidents were unsuccessful as his papers were destroyed, torn up, or returned

to him.   He seeks compensatory, punitive, and nominal damages, along with declaratory and

unspecified injunctive relief and seeks to invoke this Court's pendant jurisdiction under 28 U.S.C. §

1367.  (*Id*.).

In a separate document, McDonald requests that counsel be appointed and that Defendants be

served with discovery.  (ECF No. 1 at "Facts on Petitioner").  He also seemingly seeks to file an

Addendum to a unspecified case he filed in 2008.  (*Id*.).   Because he appears indigent, McDonald's

Motion to Proceed In Forma Pauperis (ECF No. 2) shall be granted.

It is readily apparent that McDonald's filing was precipitated by recent action taken by the

United States Department of Justice to file criminal charges in this Court against RCI officers for

abuses against inmates.[1]  McDonald's allegations, however,  necessitate a review of his prior filings

in this Court.

On December 27, 2004, McDonald filed a complaint against Defendant Stauffer and other

RCI officers in regard to the same November 6, 2004 incidents.  *See McDonald v. Sowers, et al.*,

Civil Action No. PJM-04-4035 (D. Md.).  After briefing by the parties, on June 20, 2005, this Court

granted Defendants' Motion for Summary Judgment.   The case was affirmed on appeal by the

United States Court of Appeals for the Fourth Circuit on  October 31, 2006.  (*Id*. at ECF No. 23).

On January 30, 2006, McDonald mailed documents to the Court again complaining about the

November 6, 2004 incidents of excessive force.  In addition, he complained of a retaliatory transfer

to the Western Correctional Institution, access to his property, and non-compliance with non-

smoking and dress code policies.  *See McDonald v. Warden*, Civil Action No. PJM-06-251 (D. Md.)

On February 9, 2006, the Complaint allegation of excessive force was dismissed under the doctrine

of res judicata.  All other claims were dismissed without prejudice.

---

[1]     McDonald attaches newspaper articles referencing the Justice Department investigation and prosecution.

Generally, under the doctrine of res judicata, a "final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Pueschel v. United States,* 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). Res judicata consists of two preclusion concepts: claim preclusion and issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 757, 77 n. 1 (1984). Claim preclusion bars the re-litigation of matters that have already been litigated and decided. For claim preclusion to apply, there must be: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel,* 369 F.3d at 354–355. Issue preclusion bars the re-litigation of the same issue in a different cause of action by a party who had a full and fair opportunity to litigate the issue in the earlier proceeding. For issue preclusion to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. *See Sedlack v. Braswell Services Group, Inc.,* 134 F.3d 219, 224 (4th Cir. 1998).

Under these doctrines, Plaintiff may not re-litigate his claims against RCI officers regarding the alleged November 6, 2004, guard assault. Accordingly, a separate Order shall be entered dismissing McDonald's excessive force claim.

March 25, 2013                                  _____/s/_____
                                                        PETER J. MESSITTE
                                                UNITED STATES DISTRICT JUDGE